Christopher Sproul (State Bar No. 126398)
Stuart Wilcox (State Bar No. 327726)
ENVIRONMENTAL ADVOCATES
5135 Anza Street
San Francisco, California 94121
Telephone: (415) 533-3376
Facsimile: (415) 358-5695
Email: csproul@enviroadvocates.com
       stuart.wilcox5@gmail.com

Attorneys for Plaintiff
Our Children's Earth Foundation

Jonathan D. Brightbill
Principal Deputy Assistant Attorney General
Environment & Natural Resources Division

Hubert Lee
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUR CHILDREN'S EARTH FOUNDATION, a non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW WHEELER, in his official capacity as Administrator of the United States Environmental Protection Agency,<br><br>Defendant. | Civil Case No. 19-cv-7125<br><br>**[PROPOSED] CONSENT DECREE** |

CONSENT DECREE

WHEREAS, Plaintiff Our Children's Earth Foundation ("OCE" or "Plaintiff") filed its Complaint on October 29, 2019, against Defendant Andrew Wheeler, in his official capacity as Administrator of the Environmental Protection Agency ("EPA"), pursuant to section 304(a)(2) of the Clean Air Act ("CAA" or "the Act"), 42 U.S.C. § 7604(a)(2), to compel EPA to review the existing New Source Performance Standards ("NSPS") governing Industrial Surface Coating: Surface Coating of Plastic Parts for Business Machines, Automobile and Light Duty Truck Surface Coating Operations, Lead-Acid Battery Manufacturing Plants, and Secondary Lead Smelters under CAA section 111, 42 U.S.C. § 7411, and to review the existing National Emissions Standards for Hazardous Air Pollutants ("NESHAP") governing Paint Stripping and Miscellaneous Surface Coating Operations at Area Sources, Lead Acid Battery Manufacturing Area Sources, and Dry Cleaning Facilities: National Perchloroethylene Air Emission Standards under CAA section 112(d)(6), 42 U.S.C. § 7412(d)(6);

WHEREAS, EPA issued the Industrial Surface Coating: Surface Coating of Plastic Parts for Business Machines NSPS, set forth in 40 C.F.R. Part 60, Subpart TTT, in 1988;

WHEREAS, EPA issued the Automobile and Light Duty Truck Surface Coating Operations NSPS, set forth in 40 C.F.R. Part 60, Subpart MM, in 1980 and revised this NSPS in 1994;

WHEREAS, EPA issued the Lead-Acid Battery Manufacturing Plants NSPS, set forth in 40 C.F.R. Part 60, Subpart KK, in 1982;

WHEREAS, EPA issued the Secondary Lead Smelters NSPS, set forth in 40 C.F.R. Part 60, Subpart L, in 1975;

WHEREAS, EPA issued the Paint Stripping and Miscellaneous Surface Coating Operations at Area Sources NESHAP, set forth in 40 C.F.R. Part 63, Subpart HHHHHH, in 2008;

WHEREAS, EPA issued the Lead Acid Battery Manufacturing Area Sources NESHAP, set forth in 40 C.F.R. Part 63, Subpart PPPPPP, in 2008;

WHEREAS, EPA issued the Dry Cleaning Facilities: National Perchloroethylene Air Emission Standards NESHAP, set forth in 40 C.F.R. Part 63, Subpart M, in 2006;

WHEREAS, Plaintiff alleges that EPA has failed to perform a non-discretionary duty to review, and if appropriate revise, the NSPS governing Industrial Surface Coating: Surface Coating of Plastic

Parts for Business Machines, Automobile and Light Duty Truck Surface Coating Operations, Lead-Acid Battery Manufacturing Plants, and Secondary Lead Smelters at least every 8 years pursuant to 42 U.S.C. § 7411(b)(1)(B);

WHEREAS, Plaintiff alleges that EPA has failed to perform a non-discretionary duty to review, and revise if necessary, the NESHAPs governing Paint Stripping and Miscellaneous Surface Coating Operations at Area Sources, Lead Acid Battery Manufacturing Area Sources, and Dry Cleaning Facilities: National Perchloroethylene Air Emission Standards no less often than every 8 years pursuant to 42 U.S.C. § 7412(d)(6);

WHEREAS, beginning on January 1, 2021, EPA will be providing Plaintiff with status reports every 180 days to inform Plaintiff whether EPA continues to make reasonable progress toward meeting the deadlines provided in this Consent Decree, and if it anticipates any difficulties in meeting those dates, providing an explanation of the difficulty or difficulties;

WHEREAS, Plaintiff and EPA (collectively "the Parties") wish to effectuate a settlement of the above-captioned matter without expensive and protracted litigation, and without admission of any issue of law or fact;

WHEREAS, the Parties consider this Consent Decree to be an adequate and equitable resolution of the claims in the above-captioned matter;

WHEREAS, EPA has completed the process for public notice and comment required by CAA section 113(g), 42 U.S.C. § 7413(g); and

WHEREAS, the Court, by entering this Consent Decree, finds that this Consent Decree represents a fair, equitable, and adequate resolution of the claims resolved herein;

NOW THEREFORE, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1.  This Court has jurisdiction over the claims set forth in the Complaint, and to order the relief contained in this Consent Decree, pursuant to section 304 of the Act, 42 U.S.C. § 7604. The United States does not contest venue in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(e). Additionally, the United States stipulates that venue is not improper under section 304 of the Act, 42 U.S.C. § 7604.

2. For the **Industrial Surface Coating: Surface Coating of Plastic Parts for Business Machines** source category:

   a. No later than June 1, 2022, EPA shall either: (i) sign a determination that "review is not appropriate in light of readily available information on the efficacy of [the] standard," *i.e.*, 40 C.F.R. Part 60, Subpart TTT ("NSPS Subpart TTT"), under section 111(b)(1)(B) of the Act, 42 U.S.C. § 7411(b)(1)(B); or (ii) review NSPS Subpart TTT under section 111(b)(1)(B) and sign either: (A) a proposed rule containing revisions to NSPS Subpart TTT; or (B) a proposed determination not to revise NSPS Subpart TTT.

   b. If EPA signs a proposed rule or a proposed determination pursuant to paragraph 2.a(ii) above, then no later than June 1, 2023, EPA shall sign either: (i) a final rule containing revisions to NSPS Subpart TTT under section 111(b)(1)(B) of the Act, 42 U.S.C. § 7411(b)(1)(B); or (ii) a final determination under section 111(b)(1)(B) not to revise NSPS Subpart TTT.

3. For the **Automobile and Light Duty Truck Surface Coating Operations** source category:

   a. No later than May 1, 2022, EPA shall either: (i) sign a determination that "review is not appropriate in light of readily available information on the efficacy of [the] standard," *i.e.*, 40 C.F.R. Part 60, Subpart MM ("NSPS Subpart MM"), under section 111(b)(1)(B) of the Act, 42 U.S.C. § 7411(b)(1)(B); or (ii) review NSPS Subpart MM under section 111(b)(1)(B) and sign either: (A) a proposed rule containing revisions to NSPS Subpart MM; or (B) a proposed determination not to revise NSPS Subpart MM.

   b. If EPA signs a proposed rule or a proposed determination pursuant to paragraph 3.a(ii) above, then no later than May 1, 2023, EPA shall sign either: (i) a final rule containing revisions to NSPS Subpart MM under section 111(b)(1)(B) of the Act, 42 U.S.C. § 7411(b)(1)(B); or (ii) a final determination under section 111(b)(1)(B) not to revise NSPS Subpart MM.

4. For the **Lead-Acid Battery Manufacturing Plants** source category:

    a. No later than February 10, 2022, EPA shall either: (i) sign a determination that "review is not appropriate in light of readily available information on the efficacy of [the] standard," *i.e.*, 40 C.F.R. Part 60, Subpart KK ("NSPS Subpart KK"), under section 111(b)(1)(B) of the Act, 42 U.S.C. § 7411(b)(1)(B); or (ii) review NSPS Subpart KK under section 111(b)(1)(B) and sign either: (A) a proposed rule containing revisions to NSPS Subpart KK; or (B) a proposed determination not to revise NSPS Subpart KK.

    b. If EPA signs a proposed rule or a proposed determination pursuant to paragraph 4.a(ii) above, then no later than February 9, 2023, EPA shall sign either: (i) a final rule containing revisions to NSPS Subpart KK under section 111(b)(1)(B) of the Act, 42 U.S.C. § 7411(b)(1)(B); or (ii) a final determination under section 111(b)(1)(B) not to revise NSPS Subpart KK.

5. For the **Secondary Lead Smelters** source category:

    a. No later than November 17, 2022, EPA shall either: (i) sign a determination that "review is not appropriate in light of readily available information on the efficacy of [the] standard," *i.e.*, 40 C.F.R. Part 60, Subpart L ("NSPS Subpart L"), under section 111(b)(1)(B) of the Act, 42 U.S.C. § 7411(b)(1)(B); or (ii) review NSPS Subpart L under section 111(b)(1)(B) and sign either: (A) a proposed rule containing revisions to NSPS Subpart L; or (B) a proposed determination not to revise NSPS Subpart L.

    b. If EPA signs a proposed rule or a proposed determination pursuant to paragraph 5.a(ii) above, then no later than November 16, 2023, EPA shall sign either: (i) a final rule containing revisions to NSPS Subpart L under section 111(b)(1)(B) of the Act, 42 U.S.C. § 7411(b)(1)(B); or (ii) a final determination under section 111(b)(1)(B) not to revise NSPS Subpart L.

6. For the **Paint Stripping and Miscellaneous Surface Coating Operations at Area Sources** source category:

    a. No later than November 1, 2021, EPA shall review the Paint Stripping and Miscellaneous Surface Coating Operations at Area Sources NESHAP and sign either: (i) a proposed rule containing revisions to the Paint Stripping and Miscellaneous Surface Coating Operations

at Area Sources NESHAP, 40 C.F.R. Part 63, Subpart HHHHHH ("NESHAP Subpart HHHHHH"), under section 112(d)(6) of the Act, 42 U.S.C. § 7412(d)(6); or (ii) a proposed determination under section 112(d)(6) not to revise NESHAP Subpart HHHHHH.

    b. No later than November 1, 2022, EPA shall sign either: (i) a final rule containing revisions to NESHAP Subpart HHHHHH under section 112(d)(6) of the Act, 42 U.S.C. § 7412(d)(6); or (ii) a final determination under section 112(d)(6) not to revise NESHAP Subpart HHHHHH.

7. For the **Lead Acid Battery Manufacturing Area Sources** source category:

    a. No later than February 10, 2022, EPA shall review the Lead Acid Battery Manufacturing Area Sources NESHAP and sign either: (i) a proposed rule containing revisions to the Lead Acid Battery Manufacturing Area Sources NESHAP, 40 C.F.R. Part 63, Subpart PPPPPP ("NESHAP Subpart PPPPPP"), under section 112(d)(6) of the Act, 42 U.S.C. § 7412(d)(6); or (ii) a proposed determination under section 112(d)(6) not to revise NESHAP Subpart PPPPPP.

    b. No later than February 9, 2023, EPA shall sign either: (i) a final rule containing revisions to NESHAP Subpart PPPPPP under section 112(d)(6) of the Act, 42 U.S.C. § 7412(d)(6); or (ii) a final determination under section 112(d)(6) not to revise NESHAP Subpart PPPPPP.

8. For the **Dry Cleaning Facilities: National Perchloroethylene Air Emission Standards** source category:

    a. No later than December 1, 2021, EPA shall review the Dry Cleaning Facilities: National Perchloroethylene Air Emission Standards NESHAP and sign either: (i) a proposed rule containing revisions to the Dry Cleaning Facilities: National Perchloroethylene Air Emission Standards NESHAP, 40 C.F.R. Part 63, Subpart M ("NESHAP Subpart M"), under section 112(d)(6) of the Act, 42 U.S.C. § 7412(d)(6); or (ii) a proposed determination under section 112(d)(6) not to revise NESHAP Subpart M.

   b. No later than December 1, 2022, EPA shall sign either: (i) a final rule containing revisions to NESHAP Subpart M under section 112(d)(6) of the Act, 42 U.S.C. § 7412(d)(6); or (ii) a final determination under section 112(d)(6) not to revise NESHAP Subpart M.

 9. Upon signing any of the documents described in Paragraphs 2–8, the appropriate EPA official shall expeditiously forward it or them to the Office of the Federal Register for publication.

 10. Within five (5) business days after forwarding the materials described in Paragraphs 2–8 to the Office of the Federal Register, EPA shall send copies of such materials to Plaintiff.

 11. The deadlines set forth in Paragraphs 2–8 hereof may be modified only by: (a) written stipulation of the Parties with notice to the Court; or (b) the Court following motion of any party to this Consent Decree, pursuant to the Federal Rules of Civil Procedure, and upon consideration of any response by the non-moving party.

 12. The Parties shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree. Upon entry, no party shall challenge the terms of this Consent Decree.

 13. Except as provided herein, nothing in this Consent Decree shall be construed to limit or modify any discretion accorded to EPA by the CAA or by general principles of administrative law in taking the actions that are the subject of this Consent Decree.

 14. Nothing in this Consent Decree shall be construed to confer upon this Court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Courts of Appeals pursuant to CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1). Nothing in the terms of this Consent Decree shall be construed to waive, limit, or modify any remedies, rights to seek judicial review, or defenses the Parties may have under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1).

 15. Any notices required or provided for by this Consent Decree shall be made in writing, via email or other means if the documents cannot be readily transmitted via email, and sent to the following:

<u>For Plaintiff Our Children's Earth Foundation:</u>

Christopher A. Sproul, Esq.

Environmental Advocates
5135 Anza Street
San Francisco, CA 94121
Tel: (415) 533-3376
Fax: (415) 358-5695
Email: csproul@enviroadvocates.com

Annie Beaman
Our Children's Earth Foundation
1625 Trancas St. #2218
Napa, CA 94558
Tel: (510) 910-4535
Email: annie.beaman@gmail.com

<u>For Defendant Andrew Wheeler:</u>

Chief, Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044
Tel: (202) 514-2219

Associate General Counsel, Air and Radiation Law Office
Office of General Counsel
U.S. Environmental Protection Agency
WJC: MC-2344A
1200 Pennsylvania Ave., N.W.
Washington, D.C. 20460
Tel: (202) 564-7606
Fax: (202) 564-5603

16. The obligations imposed on EPA under this Consent Decree can only be undertaken using appropriated funds. No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that EPA obligate funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable statute. The Parties recognize that the possibility exists that a lapse in the appropriations that fund EPA could delay compliance with the timetables in this Consent Decree. If a lapse in appropriations for EPA occurs within 120 days before any deadline in this Consent Decree, that deadline shall be automatically extended one day for each day of the lapse in appropriations. Nothing in this paragraph shall preclude EPA from seeking an additional extension through stipulation of the Parties or modification of this Consent Decree under Paragraph 11.


17. In the event of a dispute between the Parties concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing party shall provide the other party with a written notice outlining the nature of the dispute and requesting informal negotiations. The Parties shall meet and confer to attempt to resolve the dispute. If the Parties cannot reach an agreed-upon resolution within ten (10) business days after receipt of the notice, any party may move the Court to resolve the dispute.

18. No motion or other proceeding seeking to enforce this Consent Decree or for contempt of court shall be filed unless the procedure set forth in Paragraph 17 has been followed.

19. The Court shall retain jurisdiction to determine and effectuate compliance with this Consent Decree. When EPA's obligations under Paragraphs 2–10 have been completed, and the Plaintiff's anticipated claims for costs of litigation have been resolved, the above-captioned matter shall be dismissed with prejudice. EPA shall file the appropriate notice with the Court so that the Clerk may close the file.

20. If for any reason the Court declines to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of either Party and the Proposed Consent Decree's terms may not be used as evidence in any litigation between the Parties.

21. The Parties treat this Consent Decree as jointly drafted, and any rules of construction that construe any ambiguities in this document against the drafting party shall be inapplicable in any dispute concerning the interpretation of this Consent Decree.

22. The undersigned representatives of each Party certify that they are fully authorized by the Party or parties they represent to bind that Party to the terms of this Consent Decree.

IT IS SO ORDERED this _____ day of _____, 2020

_____
Hon. William Alsup
United States District Judge

For Plaintiff:

_____
Christopher Sproul (State Bar No. 126398)

                                ENVIRONMENTAL ADVOCATES
                                5135 Anza Street
                                San Francisco, California 94121
                                Telephone: (415) 533-3376
                                Fax: (415) 358-5695
                                Email: csproul@enviroadvocates.com,

                                Attorney for Plaintiff
                                Our Children's Earth Foundation

Dated: _____

For Defendant:

                                Jonathan D. Brightbill
                                Principal Deputy Assistant Attorney General
                                Environment & Natural Resources Division


                                _____
                                Hubert Lee
                                Environmental Defense Section Environment
                                and Natural Resources Division U.S.
                                Department of Justice
                                P.O. Box 7611
                                Washington, D.C. 20044

Dated: _____